**IN THE COURT OF APPEALS OF IOWA**

No. 15-0167
Filed March 25, 2015

**IN THE INTEREST OF C.H.,**
    **Minor Child,**

**J.M., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Bremer County, Peter B. Newell,
District Associate Judge.

A mother appeals the termination of her parental rights to her one-year-old
son. **AFFIRMED.**

Linnea Nicol, Juvenile Public Defender's Office, Waterloo, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant
Attorney General, and Kasey E. Wadding, County Attorney, for appellee.

Brett Schilling of Schilling Law Office, P.C., Waterloo, for father.

Beth Becker, Sumner, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

The juvenile court found clear and convincing evidence to terminate the parental rights of C.H.'s mother under Iowa Code sections 232.116(1)(h) and (*l*) (2013). The mother does not contest the grounds for termination; instead she argues the permanency timelines in the statute are unconstitutional. Within that argument, she asks for additional time to work toward reunification. She also claims termination would be detrimental to her one-year-old son given the strength of their bond.

Because the juvenile court did not rule on the constitutionality of the statute, we find the issue was not preserved for appeal. After reviewing the record,[1] we conclude an additional six months would not likely lead to reunification and the relationship between C.H. and his mother is not so close that it would override the benefits of moving toward permanency. Therefore, we affirm.

The family first came to the attention of the Iowa Department of Human Services (DHS) in March 2014 when relatives found C.H. left in his mother's care when she was passed out next to a methamphetamine pipe. The mother tested positive for methamphetamine, opiates, and benzodiazepines. The relationship between C.H.'s mother and father[2] was volatile. On May 1, 2014, the court adjudicated C.H. to be a child in need of assistance (CINA) under Iowa Code section 232.2(6)(n).

---

[1] We review the termination of parental rights de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).
[2] The father agreed to the termination of his parental rights and is not a party to this appeal.

After the CINA adjudication, the DHS encouraged the mother to obtain mental health and substance abuse treatment, but she did not consistently participate in the available services. She would attend several sessions, and then miss several sessions. Equally concerning was the fact the mother did not consistently attend visitation with C.H. Because the mother was not making progress toward reunification, on September 4, 2014, the State filed a petition to terminate parental rights.

A few weeks later, the mother was hospitalized after a drug overdose. Hospital records show she had been using methamphetamine for twenty of the previous thirty days. She also admitted abusing opiates, specifically Vicodin.

The juvenile court started the termination hearing on October 31, 2014, but continued the proceedings because the mother appeared to be ill and could not stay awake. She entered in-patient drug treatment on November 12, 2014. But she was discharged without completing the program after staff discovered she had been "cheeking"[3] medication and taking more than the prescribed dose to obtain a "high." The staff reported the mother was slurring her words and seemed "out of it." The termination hearing resumed on January 9, 2015; the mother did not testify. On January 23, 2015, the court terminated the mother's parental rights under paragraphs (h) and (*l*). She now appeals.

On appeal, the mother claims the permanency deadlines in section 232.116(1)(h) are unconstitutional because the time is unreasonably short to regain custody of a child under the age of four. The mother argued this position

---

[3] "Cheeking" is where the patient pretends to swallow the medication but actually hides the pill between the gum and the cheek in the mouth.

at the hearing, but the juvenile court did not discuss the constitutionality of the statute in its decision. The mother did not file a motion under Iowa Rule of Civil Procedure 1.904(2) asking for the court to address this argument. Because the juvenile court did not rule on the constitutional claim, it was not preserved for appellate review. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) (explaining "general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases"); *see also In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal.").

The mother also requests more time to reunite and claims C.H. is "very bonded" to her. She notes the child is not in a pre-adoptive home and asks rhetorically: "what harm exists in giving her another six months to regain custody of her child?" Under Iowa Code section 232.104(2)(b), a juvenile court may continue placement of a child for six months if it can enumerate specific factors, conditions, or expected behavioral changes that would indicate the need for removal would not exist after that extension of time. This record does not include any circumstances pointing toward the likelihood of reunification after six months.

The mother's situation grew less stable leading up to the termination hearing. She was hospitalized for a drug overdose after the State filed its termination petition. She was too lethargic to participate in the October 31, 2014 termination hearing. She entered, but could not complete, in-patient treatment. She did not have a stable residence at the time of the hearing, and the DHS

worker believed she may have been living in her car. Nothing in the record shows the mother could suddenly make positive progress toward reunification, and it is contrary to our child welfare law to postpone permanency under these conditions. *See In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (recognizing "full measure of patience" for troubled parents is "[b]uilt this patience into the statutory scheme of Iowa Code chapter 232").

The DHS worker testified, in her view, C.H. has been harmed by his mother's inconsistency in attending visits and her difficulty in staying awake when she did attend. The worker opined: "Children are affected by their parents' behavior." We defer to the expertise of the worker in this case. An extension of time would not have been a proper outcome, regardless of the fact C.H. was not currently placed in a pre-adoptive home.

Finally, like the juvenile court, we do not find the relationship between the mother and C.H. to be so close that termination would be detrimental to the child. *See* Iowa Code § 232.116(3)(c). This factor is permissive and the court may use its discretion in deciding whether the strength of the bond signals termination is not in the best interest of the child. *See A.M.*, 843 N.W.2d at 113. The mother's addictions and instability are more compelling factors than her bond with C.H. Accordingly, we affirm the termination order.

**AFFIRMED.**